**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

JAMES HALL,                          :
                                     :
                    Plaintiff        :
                                     :
vs.                                  :
                                     :
                                     :   CIVIL ACTION NO. 1:05-CV-65 (WLS)
WILLIE LOCKETTE,                     :
KENNETH HODGES, PHIL CANNON,         :
GERALD WILLIAMS,                     :   **PROCEEDINGS UNDER 42 U.S.C. §1983**
RAMON FAJARDO                        :   **BEFORE THE U.S. MAGISTRATE JUDGE**
                                     :
                                     :
                    Defendants.      :   **O R D E R and RECOMMENDATION**
_____

        Plaintiff **JAMES HALL**, an inmate at Georgia State Prison filed the above styled *pro se* civil

rights complaint under 42 U.S.C. § 1983.  Plaintiff sought and was granted leave to proceed *in forma*

*pauperis* and paid the initial partial filing fee as ordered by the court.

*I.  MOTION FOR APPOINTED COUNSEL*

        Plaintiff has requested this court to appoint counsel to assist him with his civil complaint

brought pursuant to 42 U.S.C. § 1983.  Generally speaking, no right to counsel exists in civil rights

actions.  *See Wahl v. McIver,* 773 F.2d 1169, 1174 (11th Cir. 1986).  It is a privilege that is justified

only by exceptional circumstances.  *Lopez v. Reyes,* 692 F.2d 15, 17 (5th Cir. 1982).  In deciding

whether legal counsel should be provided, the court typically considers, among other factors,

the merits of the plaintiff's claim and the complexity or novelty of the issues presented.   *See*

*Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987).  Applying the standards set forth in *Ulmer*,

691 F.2d at 213, it appears that at the present time the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. Accordingly, at the present time, the plaintiff's motion for appointment of counsel is **DENIED.**

## II.  STANDARD OF REVIEW

### A.  28. U.S.C. § 1915(e)(2)

 Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

 An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one."  *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

 In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a  § 1983 cause of action are present.  First, a plaintiff must allege that an

act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## III.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that he has been denied access to the courts and has been subject to discrimination due to defendants' failure to provide him with legal services.  Plaintiff states that he is unable to appeal his case because he was not able to obtain a free copy of his trial transcript.  Plaintiff seeks a declaratory judgement, injunctive relief and  $25,590.00 in damages for each day he has served under what he states is an "unconstitutional 90% policy" and $777,866.00 in punitive damages from each defendant.

## IV.  DISCUSSION

### A.  Judge Willie Lockette

Defendant Judge Willie Lockette is a Superior Court Judge serving the Superior Court of Dougherty County, Georgia.  State and federal judges have absolute immunity from liability to civil suit under § 1983 for actions taken in their judicial capacity.  *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L.Ed.2d 331 (1978); *Wahl v. McIver*, 773 F.2d 1169 (11th  Cir. 1985).  Immunity attaches unless the judge was acting in the "clear absence of all jurisdiction."  *Stump*, 435 U.S. at 357, 98 S. Ct. at 1105; *Simmons v. Conger*, 86 F.3d 1080 (11th Cir. 1996).

"As for prospective injunctive relief, immunity is not a bar, but such relief, like any other equitable relief, requires 'a showing of an inadequate remedy at law and of a serious risk of irreparable harm.'  *Pulliam v. Allen*, 466 U.S. 522, 537 (1984).  In most cases, a plaintiff has the

alternative remedy of an appeal, making injunctive relief against a judge unnecessary and improper. *See Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1392 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)."

Plaintiff does not allege that Judge Lockette was acting in clear absence of all jurisdiction; therefore, defendant Judge Willie Lockette is absolutely immune from liability. Further, plaintiff has not alleged the existence of an inadequate remedy at law nor has he alleged a serious risk of irreparable harm as required to obtain injunctive relief. Accordingly, the undersigned **RECOMMENDS** that plaintiff's claim against Judge Willie Lockette be **DISMISSED** as frivolous and that said party be terminated as a defendant herein.

### B.  Kenneth B. Hodges, III

Defendant Kenneth Hodges is the District Attorney serving the Superior Court of Dougherty County, Georgia. Prosecutors are absolutely immune from liability under § 1983 for acts or omissions associated with the judicial process in a criminal case. *Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S. Ct. 984, 47 L.Ed.2d 128  (1976); *Elder v. Athens-Clarke County, Georgia*, 54 F.3d 694, 695 (11th Cir. 1995).

Absolute immunity is essential in order that prosecutors can perform their duties without harassment or intimidation. *Imbler v. Pachtman*, 424 U.S. at 424-25. This immunity includes a prosecutor's efforts to coerce a plaintiff's guilty plea. *See Doe v. Russotti*, 503 F. Supp. 942, 945 (S.D.N.Y. 1980); *Lewis v. County of Lehigh*, 516 F. Supp. 1369, 1371 (E.D. Pa. 1981).

Plaintiff does not complain of any acts of defendant Hodges that are outside the scope of his prosecutorial duties; therefore, defendant Hodges is absolutely immune from liability. Thus, the undersigned **RECOMMENDS** that plaintiff's claim against Kenneth Hodges be **DISMISSED** as

frivolous and that said party be terminated as a defendant herein.

### C.  Remaining Defendants

The remaining defendants Phil Cannon, Gerald Williams and Ramon Fajardo were all part of plaintiff's defense team during his trial.   Private attorneys and appointed public defenders are not considered to be state actors and are not generally subject to suit under § 1983.  *Polk County v. Dodson*, 454 U.S. 312, 325  (1981); *Slavin v. Curry*, 574 F.2d 1256, 1265 (5th Cir.), *modified on other grounds*, 583 F.2d 779 (5th Cir. 1978).   As attorneys engaged in the private practice of law, defendants Cannon, Williams and Fajardo were not acting under color of law during their representation of plaintiff.

Thus, plaintiff has failed to meet a threshold requirement for filing a lawsuit under § 1983 against defendants Cannon, Williams and Fajardo.  *Parratt*, 451 U.S. at 535.  The undersigned **RECOMMENDS** that plaintiff's claims against Phil Cannon, Gerald Williams, Ramon Fajardo be **DISMISSED** as frivolous and that said parties be terminated as defendants herein.

### D.  Statute of Limitations Defense

Although as shown above, each of these defendants is immune from suit under these circumstances, it also appears that this action is barred by the statute of limitations which is two years.  Although an affirmative defense which is waived if not raised, it has been the experience of the undersigned that defendants who can end litigation when the statute of limitations has run, invariably raise the defense.  In this case the plaintiff was sentenced on April 3, 2002, and the defense team's representation of him ended on April 9, 2002 (see letter from defendant Gerald Williams to plaintiff dated April 9, 2002, attached to the complaint).  Inasmuch as plaintiff did not sign his complaint until April 28, 5005, over three years later, it appears that the statute of limitations

has run in this instance

## V. CONCLUSION

For the reasons stated above the undersigned **RECOMMENDS** that the within complaint be **DISMISSED** in accordance with the provision of 28 U.S.C. § 1915(e)(2).

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

   **SO ORDERED AND RECOMMENDED**, this 11th day of August, 2005.


      /s/ Richard L. Hodge_____
      RICHARD L. HODGE
      UNITED STATES MAGISTRATE JUDGE


mh